IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHERYL YOLANDA JONES**                                                       **PLAINTIFF**

**V.**                 **NO. 4:18-CV-699-BRW-BD**

**ANDREW SAUL, Commissioner**
**Social Security Administration**[1]                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Billy Roy Wilson. Either party may file written objections to the Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

## I. **Introduction:**

On March 9, 2015, Cheryl Yolanda Jones applied for disability benefits, alleging disability beginning January 17, 2015. (Tr. at 11) Her claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 28). Ms. Jones requested the Appeals Council to

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Jones filed this case seeking judicial review of the decision denying her benefits.

## II. The Commissioner's Decision:

The ALJ found that Ms. Jones had not engaged in substantial gainful activity since the alleged onset date of January 17, 2015. (Tr. at 13) At step two of the five-step analysis, the ALJ found that Ms. Jones had the following severe impairments: degenerative disc disease, status post double foot surgeries, sleep apnea, an affective disorder, and an anxiety disorder. *Id.*

After finding that Ms. Jones's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that Ms. Jones had the residual functional capacity ("RFC") to perform the full range of light work with some additional limitations. (Tr. at 17) She could only occasionally climb ramps, stairs, ladders, ropes, and scaffolds. *Id.* She could only occasionally balance, stoop, kneel, crouch, and crawl. *Id*. She could only occasionally reach overhead with her right upper extremity. (Tr. at 18) She could frequently handle and finger with the right hand. *Id*. She could perform simple, routine, repetitive tasks with incidental interpersonal contact where the supervision required is simple, direct, and concrete. *Id.*

The ALJ found, based on Ms. Jones's RFC, that she was unable to perform any of her past relevant work. (Tr. at 24) At step five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find, based on Ms. Jones's age, education, work experience and RFC, that she was capable of performing work in the national economy as office

helper, fast food worker, machine tender or label cutter, and telephone quotation clerk. (Tr. at 28) Based on the determination, the ALJ concluded that Ms. Jones was not disabled. *Id.*

### III. Discussion:

    A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Jones's Arguments on Appeal

Ms. Jones maintains that the ALJ's decision to deny benefits is not supported by substantial evidence. She argues that: 1) the ALJ failed to consider her impairments in combination; 2) the ALJ failed to properly analyze her subjective complaints; and 3) the RFC by the ALJ did not incorporate all of her limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

3

The record reflects generally mild objective findings, conservative care, and positive response to medications over time. With respect to Ms. Jones's back condition, an MRI of the lumbar spine in February 2015 showed degenerative spondylosis with disc herniation, but without abutment of the nerve root. (Tr. at 434) Ms. Jones told her provider that medication had improved her activity levels and quality of life, with no side effects. (Tr. at 443, 444) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). She said she could perform activities of daily living. (Tr. at 444) *See Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999)(activities of daily living considered with other evidence can support a finding of not disabled).

Dr. Wayne Bruffett, an orthopedist, observed in May 2015, that injections and physical therapy had not helped with Ms. Jones's pain, so he performed a decompression and interbody fusion at L5-S1. (Tr. at 580, 609-611) Radiology reports in July of 2015 showed foraminal narrowing but no high-grade stenosis or spinal cord compression. (Tr. at 585) Two weeks after surgery, Ms. Jones had no neurological deficits. (Tr. at 586) In September 2015, Dr. Bruffett noted that Ms. Jones was slowly improving and should try to get off her walker. (Tr. at 883) Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). In November of 2015, Ms. Jones was doing reasonably well; the fusion was consolidating; and Dr. Bruffett suggested weaning off pain medication. (Tr. at 879-880)

In January of 2016, Ms. Jones reported that her pain was controlled by medication, and she was maintaining her daily activities. (Tr. at 824). The treating nurse recommended weight loss and exercise. (Tr. at 826) A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

In June of 2016, Ms. Jones was administered an epidural steroid injection, and she reported an 80% decrease in pain for a short time thereafter. (Tr. at 1060) Her bilateral straight-leg raise was negative. (Tr. at 1062) In August of 2016, Ms. Jones again reported that medication controlled her pain. (Tr. at 1056) In October of 2016, she reported increased pain; her gait was antalgic; and she had a positive straight-leg raise on the left. But, she could heel-toe walk and had full strength throughout her upper and lower extremities. (Tr. at 1053-1054)

In November of 2016, Ms. Jones complained that her pain was worse, and her doctor recommended an x-ray. (Tr. at 1050-1052) X-rays showed mild cervical and lumbar spondylosis. (Tr. at 1046-1048) Objective tests showing mild-to-moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). In March 2017, Ms. Jones reported improvement in pain with medical branch blocks. (Tr. at 1036-1037)

An MRI of Ms. Jones's right hand in February of 2016 showed mild synovitis, minimal arthritic changes, and a small incidental ganglion. (Tr. at 961-962)

In November of 2015, Michael Hussey, M.D., diagnosed Ms. Jones with right shoulder impingement syndrome. (Tr. at 876) She had normal rotator cuff and deltoid strength testing. *Id.* She had full active range of motion in the elbow, hand, and wrist. (Tr. at 877) Dr. Hussey recommended conservative care with home exercises and a steroid injection. *Id.* In June 2016, Ms. Jones noted some improvement in her shoulder after physical therapy. (Tr. at 862) She had full range of motion in her shoulder. *Id.* Dr. Hussey did not recommend surgery. *Id.*

Radiology reports revealed some cervical disc degeneration in August of 2016, but Ms. Jones had no instability or muscle spasms. (Tr. at 858-861) She had full strength in her upper extremities. *Id.* Her provider recommended increased physical activity. (Tr. at 860) In May 2017, Ms. Jones declined to have spinal injections because she had improved symptoms and quality of life. (Tr. at 1028)

The state-agency physicians reviewed the records and concluded that Ms. Jones could perform work at the light exertional level, with the same postural limitations that the ALJ prescribed. (Tr. at 89, 109)

Ms. Jones was hospitalized in May of 2016 for three days for depression and suicidal ideation. (Tr. at 747) She improved with treatment. (Tr. at 748) Over several therapy appointments in 2016 and 2017, Ms. Jones's depression and anxiety symptoms improved. (Tr. at 841-846, 1004-1008) She had generally normal mental status examinations. *Id.* In December of 2016, she reported that she was doing much better and

6

that her anxiety was at a minimum. (Tr. at 1008) Medication had a stabilizing effect. *Id*. In February of 2017, more improvement was noted, with Ms. Jones engaging in positive coping mechanisms. (Tr. at 993-996)

A claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 456 F.3d 890, 894 (8th Cir. 2006). The evidence Ms. Jones presented shows mild-to-moderate objective findings, improvement over time, and relatively conservative treatment. Several times she said that she could perform daily activities, and she was encouraged to exercise. The ALJ properly discussed all of the relevant evidence, weighed Ms. Jones's impairments in combination, and found several impairments to be severe. His findings are consistent with the evidence.

Ms. Jones also contends that the ALJ failed to properly evaluate the consistency of her subjective complaints. Under Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), "credibility" is no longer a term used to analyze a claimant's subjective complaints; instead, the ruling now refers to "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still consider all evidence relating to subjective complaints, including: 1) prior work record; 2) daily activities; 3) duration, frequency, and intensity

7

of pain; 4) precipitating and aggravating factors; 5) dosage, effectiveness and side effects of medication; and 6) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

In his decision, the ALJ noted Ms. Jones's response to medication, improvement, and ability to perform daily activities. (Tr. at 17- 22) Her assertion at the hearing that she could hardly do anything for herself does not correlate to the mild objective findings and her own reports to her providers that she could perform activities of daily living. The ALJ did not err in finding that Ms. Jones's subjective complaints were not consistent with the record.

Likewise, the RFC properly incorporated Ms. Jones's limitations. A claimant's RFC represents the most she can do despite the combined effects of all of credible limitations; it must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The RFC for light work with postural limitations and a limitation to simple work aligned with the medical evidence, which revealed improvement in condition and positive response to treatment.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Jones was not disabled. The ALJ properly considered all of Ms. Jones's impairments, properly analyzed her subjective complaints, and incorporated all of Ms. Jones's credible limitations into the RFC. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

DATED this 17th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE